UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No.:

GINA MARIE MONTEIRO,

    Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS AND LIFE INSURANCE PREMIUM WAIVER BENEFITS

Plaintiff, Gina Marie Monteiro, files her Complaint against Defendant, Unum Life Insurance Company of America, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Gina Marie Monteiro ("Ms. Monteiro"), is a resident of Collier County, Florida and was at all times relevant a participant of the short-term disability, long-term disability, and life insurance policies at issue. Defendant, Unum Life Insurance Company of America ("Defendant"), is the insurer and claims administrator of the short-term disability, long-term disability, and life insurance policies at issue, is a foreign corporation authorized to do business in Florida, and can be found in the Middle District of Florida.

### III.  FACTS

3. At all times material to this action there was in full force and effect a group disability insurance policy for short-term disability benefits ("short-term disability policy"), long-term disability benefits ("long-term disability policy"), and life insurance benefits (the "life insurance policy") constituting binding contracts of insurance between the parties. These policies were underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Ms. Monteiro was employed with Pulte Group, Inc. as a new home specialist/real estate agent. By virtue of her employment at Pulte Group, Inc., Ms. Monteiro was an eligible participant of the short-term disability, long-term disability, and life insurance policies at all times material to this action.

6. The purpose of the short-term disability policy was to provide Ms. Monteiro a weekly benefit in the event she became disabled ("short-term disability benefits").

7. The short-term disability policy defines Disability, or Disabled, in pertinent part, as follows:

> *You are disabled when Unum determines that:*
>
> - *you are **limited** from performing the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and*
> - *you have a 20% or more loss in weekly earnings due to the same sickness or injury*

8. The purpose of the long-term disability policy was to provide Ms. Monteiro a monthly benefit in the event she became disabled ("long-term disability benefits").

9. The long-term disability policy defines Disability, or Disabled, in pertinent part, as follows:

> *You are disabled when Unum determines that:*
>
> - *you are **limited** from performing the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and*
> - *you have a 20% or more loss in your **indexed monthly earnings** due to the same sickness or injury.*
>
> *After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.*

10. The purpose of the life insurance policy is to compensate Ms. Monteiro's beneficiary in the event of her death.

11. The life insurance policy includes a waiver of premium provision that allows for continued employee life insurance without payment of premiums while she is disabled ("life insurance premium waiver benefits").

12. The life insurance policy defines Total Disability, or Totally Disabled, in pertinent part, as follows:

> *You are disabled when Unum determines that:*
>
> - *during the elimination period, you are not working in any occupation due to your injury or sickness; and*
> - *after the elimination period, due to the same injury or sickness, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by training, education or experience.*

13. Ms. Monteiro suffers from a number of conditions including interstitial cystitis/painful bladder syndrome, pelvic floor dysfunction, vulvodynia, complex abdominal pelvic pain syndrome.

14. Associated symptoms include but are not limited to: pain in her vagina, low back, tailbone, coccyx, gluteus muscles, and hips, urinary and bowel urgency, increased urinary and bowel frequency, and bladder pressure.

15. Due to her conditions and symptoms, Ms. Monteiro has undergone over 100 pelvic floor physical therapy sessions as well as surgical procedures such as hydrodistension of the bladder, Botox injections into the pelvic floor, and trigger point injections in the pelvic floor.

16. Ms. Monteiro has been unable to perform the material and substantial duties of her own occupation, or any occupation for which she is reasonably qualified for based on training, education, and experience. Ms. Monteiro is disabled under the terms of the short-term disability, long-term disability, and life insurance policies.

17. Ms. Monteiro was forced to discontinue working on or around December 22, 2020 due to her disabling conditions.

18. In accordance with the procedures set forth by the short-term disability, long-term disability, and life insurance policies, Ms. Monteiro notified Defendant that she was disabled.

19. By letter dated January 15, 2021, Defendant approved Ms. Monteiro's claim for short-term disability benefits, effective December 29, 2020, until January 5, 2021.

20. By letter dated February 24, 2021, Defendant terminated her claim for short-term disability benefits beyond January 5, 2021.

21. By letter dated June 24, 2021, Ms. Monteiro appealed Defendant's decision to terminate her short-term disability benefits.

22. Ms. Monteiro's short-term disability appeal was supported by, among other things: (1) medical records; (2) her attending providers, Drs. Evans and Kangas who authored letters of

support dated April 6, 2021 and March 25, 2020, respectively; (3) Functional Capacity Evaluation ("FCE"); and (4) independent validation of the FCE.

23. By letter dated August 4, 2021, Defendant sent Ms. Monteiro new information and/or rationale in connection with her short-term disability appeal. The letter requested a response by August 19, 2021.

24. By letter dated August 5, 2021, before Ms. Monteiro could respond to the August 4, 2021 letter, Defendant denied Ms. Monteiro's appeal for short-term disability benefits.

25. By letter dated August 31, 2021, Defendant denied Ms. Monteiro's claim for long-term disability benefits.

26. By letter dated September 1, 2021, Defendant denied Ms. Monteiro's claim for life insurance premium waiver benefits.

27. By letter dated February 23, 2022, Ms. Monteiro timely appealed the long-term disability benefits and life insurance premium waiver benefits denials.

28. Ms. Monteiro's long-term disability and life insurance premium waiver appeals were supported by, among other things: (1) medical records; (2) letters of support from multiple treating providers; (3) FCE; (4) FCE Validation; (5) Independent Medical Examination by Dr. Robert Echenberg; (6) Independent Medical Examination and Neurophysiologic Pain Profile by Dr. David Ross; (7) Peer Review by Dr. Steven Goldwasser; and (8) Vocational Assessment.

29. By letter dated May 10, 2022, Defendant denied Ms. Monteiro's long-term disability benefits and life insurance premium waiver benefits appeals.

30. Ms. Monteiro exhausted her appeals under ERISA.

31. In denying Ms. Monteiro's short-term disability benefits, long-term disability benefits, and life insurance premium waiver benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

32. The denial of Ms. Monteiro's short-term disability benefits was a breach of the terms of the short-term disability policy, and the decision was wrong and arbitrary and capricious.

33. The denial of Ms. Monteiro's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

34. The denial of Ms. Monteiro's life insurance premium waiver benefits was a breach of the life insurance policy, and the decision was wrong and arbitrary and capricious.

35. Defendant's denial of Ms. Monteiro's short-term disability benefits, long-term disability benefits, and life insurance premium waiver benefits breached the fiduciary duties owed to Ms. Monteiro under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Monteiro as a participant of the short-term disability policy, long-term disability policy, and life insurance policy.

### IV. COUNT I: SHORT-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 7, 13 through 24, 30 through 32, and 35 as if fully stated herein and says further that:

36. Plaintiff is entitled to certain benefits of the policy consisting of past short-term disability benefits including prejudgment interest, retroactive to the day benefits were terminated pursuant to 29 U.S.C. § 1132(a)(1)(B).

37. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the short-term disability insurance policy;

    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

38. Defendant has refused to pay the benefits sought by Ms. Monteiro, ignoring the medical records, clear opinions of her treating physicians, and clear conclusions of multiple independent physicians.

### V. COUNT II: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 5, 8 and 9, 13 through 18, 25, 27 through 31, 33, and 35 as if fully stated herein and says further that:

39. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. § 1132(a)(1)(B).

40. Plaintiff is entitled to the benefits identified herein because:

    d. the benefits are permitted benefits under the long-term disability insurance policy;

    e. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    f. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

41. Defendant has refused to pay the benefits sought by Ms. Monteiro, ignoring the medical records, clear opinions of her treating physicians, and clear conclusions of multiple independent physicians.

### VI. COUNT III: LIFE INSURANCE PREMIUM WAIVER BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 5, 10 through 18,

26 through 31, and 34 and 35 as if fully stated herein and says further that:

42. Plaintiff is entitled to certain benefits of the policy consisting of life insurance premium waiver benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. § 1132(a)(1)(B).

43. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the life insurance policy;
   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;
   c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

44. Defendant has refused to approve life insurance premium waiver benefits resulting in the continuance of life insurance protection during total disability that is sought by Ms. Monteiro, disregarding the medical records, clear opinions of her attending physicians, and clear conclusions of multiple independent physicians.

## VII.   RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 44 as if fully stated herein and says further that:

45. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid short-term disability benefits plus interest, long-term disability benefits plus interest, and the reinstatement of life insurance premium waiver benefits.

46. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, under 29 U.S.C. §1132(g)(1), Plaintiff is entitled to reasonable attorney's fees and costs of this action.

47. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the short-term disability policy, long-term disability policy, and life insurance policy had she not been wrongfully denied benefits by Defendant.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Gina Marie Monteiro, prays for a judgment against Defendant, Unum Life Insurance Company of America, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 16th day of June, 2022.*

/s/ Tanja Vucetic Perez
Tanja Vucetic Perez (FBN. 1018255)
tanja@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff, Gina Marie Monteiro*